IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SPEEDEON DATA LLC, | ) | CASE NO. 1:15 CV 1272 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| INTEGRATED DIRECT MARKETING, | ) | |
| LLC, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER** |

### Introduction

On November 16, 2016, I issued an order resolving a discovery dispute between the parties.[1] That order provided that certain depositions in Little Rock, Arkansas "must be taken by videoconferencing under Federal Rule of Civil Procedure 30(b)(4)."[2] Several letters from counsel to Judge Boyko followed asserting ambiguity in this order and seeking clarification.[3] These letters resulted in a re-referral for clarification of my order.[4]

I have issued a separate order making clear that counsel for both parties must participate in the depositions by videoconferencing; counsel for Integrated does not have the option to take the deposition in person.[5] This memorandum elaborates on the reasons supporting that ruling.

---

[1] ECF # 68.

[2] *Id.* at 2.

[3] ECF #s 69, 71, and 72.

[4] ECF # 70.

[5] ECF # 74.

## Issue

The order of November 16, 2016 states that the depositions at issue "must be taken by videoconferencing."  Integrated's counsel submits that the order gives him the option to take the depositions in person, and Speedeon's counsel may participate by videoconferencing.  Does the order permit Integrated to take the depositions in person?

## Ruling

As set out in my order of November 23, 2016:

Despite the clear and unambiguous language of my order ("*must* be taken by videoconferencing"), counsel for Integrated insists that he has the option to take the depositions in person with counsel for Speedeon participating by videoconference if he chooses to do so.[6]  This position seeks to create ambiguity where none exists.

As the order states "[t]he depositions must be taken by videoconferencing."

* * *

Counsel for both parties must participate in the depositions by videoconferencing.

## Rationale

## Context

At the case management conference held on March 22, 2016, Judge Boyko set June

---

[6] ECF # 71 at 2.

24, 2016 as the cut-off date for discovery.[7]  Speedeon filed a motion for summary judgment.[8]
Nevertheless discovery continued with leave of court.[9]  Integrated filed an opposition to the
motion for summary judgment but asked for additional discovery under Federal Rule of Civil
Procedure 56(d).[10]  Speedeon filed a reply brief in support of the motion.[11]  It opposed the
motion to extend the time for discovery.[12]  Eventually, the Court further extended discovery
and the time for the filing of a supplemental brief in opposition to the motion for summary
judgment to November 30, 2016.[13]

  Along the way the parties have had multiple discovery disputes.  As the November
30 discovery cut-off date approached, yet another dispute arose over the scheduling of the
depositions of two witnesses in Little Rock, Arkansas for November 18, 2016.  Judge Boyko
referred this dispute to me for resolution.[14]  After a court-ordered meet and confer session at
the courthouse and a status conference, I issued the relevant order, which permitted the

---

[7] Minutes of proceedings (non-document) of March 22, 2016.

[8] ECF # 39.

[9] ECF # 38.

[10] ECF # 49.

[11] ECF # 54.

[12] ECF # 53.

[13] ECF # 58.

[14] ECF # 65.

depositions to go forward on November 29, 2016, but required that those depositions be taken by videoconferencing.[15]

Although this order was clear and unambiguous, as explained below, counsel elected to ask for clarification rather than seek reconsideration of the ruling from the assigned District Judge under 28 U.S.C. §636(b)(1)(A).  I have now issued a separate order restating my unambiguous ruling.[16]

### Absence of ambiguity

The language of the November 16, 2016 order is not ambiguous.  It states that the depositions at issue "*must* be taken by videoconferencing."  (Emphasis added)  This cannot reasonably be interpreted as permitting counsel for Integrated to take the depositions in person with counsel for Speedeon having the option to participate by videoconferencing.

"Must" means "is required to."[17]  "May" means "has discretion to(,) is permitted to (,) has a right to."[18]  Integrated's argument that the order grants its counsel the option to take the depositions in person gives the language of the order an interpretation that its words will not reasonably support.

---

[15] ECF # 68.

[16] ECF # 73.

[17] B. Garner, Guidelines for Drafting and Editing Court Rules, at 29 (5th printing 2007).

[18] Id.

-4-

## Arguments for reconsideration

Counsel for Integrated makes several arguments for reconsideration rather than clarification.  I will address them as possible assistance to Judge Boyko should reconsideration be sought under 28 U.S.C. § 636(b)(1)(A).

First, counsel argues that he should have the option to take the depositions in person since he will be in Little Rock at the time on other business.  This argument overlooks my concern about the proportionality of the discovery in this case.  Counsel for Speedeon has objected to the depositions on the grounds of relevancy and proportionality.  The Court should not be placed in a position of deciding relevancy in a vacuum.  Discovery should go forward, with relevancy determined with a decision on the merits.  The Court will consider the merits shortly in ruling on the motion for summary judgment.  If either party has abusively undertaken discovery not relevant to the claims and defenses pending, the Court may consider an award of costs and expenses.

Proportionality is a more immediate concern.  The numerous extensions of the discovery cut off date, and multiple discovery disputes, betray a reasonable possibility that discovery has become disproportional.  Again, if needed, a final determination should be made on consideration of the merits.  But given the expense involved in taking these depositions at a time so close to the discovery cut-off date, a reasonable compromise is appropriate.  The requirement that the depositions be taken by videoconference provides that compromise, which counsel themselves could not reach through the meet and confer process.

That counsel for Integrated will conveniently be in Little Rock on other matters at the

time the depositions are scheduled does not warrant a different result.  If the counsel taking the deposition chooses to appear in person to conduct examination, that for all practical purposes forces counsel for Speedeon to attend in person as well, thereby permitting Integrated to unilaterally nullify the Court's order.  The Court's discretion to order depositions to be taken by videoconferencing under Federal Rule 30(b)(4) becomes illusory.

Integrated also argues that various alleged discovery abuses by Speedeon in the course of this case justifies the taking of these depositions in person.  Speedeon may, it submits, attend these depositions by videoconferencing if it prefers, but Integrated should not be limited to videoconferencing.  These other alleged discovery abuses are not currently before the Court.  Speedeon's counsel is cautioned not to withhold or hinder discovery based on objections that can be asserted for the record and reserved for determination with the merits.

### Conclusion

The order at issue unambiguously requires counsel for both parties to participate in the depositions in Little Rock by videoconferencing.  Concerns for the expeditious conclusion of discovery and proportionality support the requirement of taking the depositions by videoconferencing.  Counsel *must* proceed accordingly.

The referral for clarification of the November 16, 2016 order is terminated.

IT IS SO ORDERED.

Dated: November 28, 2016                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

-6-